OPINION
Richard J. Mefford is appealing from the imposition by the Greene County Court of Common Pleas of an incarceration sentence of eleven months following Mefford's plea of guilty to a charge of receiving stolen property, a felony of the fifth degree. Mefford brings the following sole assignment of error:
 THE TRIAL COURT ABSUSE [sic] ITS DISCRETION IN SENTENCING THE DEFENDANT/APPELLANT TO AN ELEVEN MONTH SENTENCE ON A FIFTH DEGREE FELONY.
Mefford argues that pursuant to law he should have been sentenced to no more than the minimum sentence of six months because he has not served a previous prison term, and that "there is nothing on the record to reflect that the shortest term authorized will demean the seriousness of offender's conduct or that it will not protect the public from future crime." Appellant brief, 5.
As a matter of fact, however, the trial court did specifically find, in its judgment sentencing entry, that "pursuant to R.C. 2929.14(B) that the shortest prison term will demean the seriousness of the defendant's conduct" and that "the defendant poses the greatest likelihood of recidivism." Docket 22. The Ohio Supreme Court has held that the trial court need not give its reasons under R.C. 2929.14(B) for failing to impose the minimum sentence as long as it makes the statutorily required findings. State v. Edmonson (1999), 86 Ohio St.3d 324. We have very recently cited Edmonson in upholding a sentence longer than the minimum where the court made its required statutory findings, as it did here, without explaining its reasoning on the record. State v. Agbesua (Jan. 5, 2001), Greene App. No. 2000 CA 23, unreported.
Actually, the reasoning of the trial court imposing the eleven month sentence (the harshest would be twelve months) can be gleaned from its remarks at the close of the sentencing hearing when it pointed out that while the defendant had been free on bond, he failed to report to the probation department as ordered and during that time he also received a new criminal charge in Kentucky.
The assignment of error is overruled, and the judgment is affirmed.
 _________________ YOUNG, J.
WOLFF, P.J. and GRADY, J., concur.